# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Momentive Performance Materials Inc., | ) | Case No. 1:15-cv-2241 |
| | ) | |
| Plaintiff, | ) | Judge |
| | ) | |
| vs. | ) | |
| | ) | Jury Trial Demanded |
| Soraa, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## Complaint

For its complaint against defendant Soraa, Inc., plaintiff Momentive Performance Materials Inc. states:

## Summary of Case

1. Momentive sues because Soraa is infringing at least six of Momentive's patents that cover, among other things, unique and valuable gallium nitride ("GaN") crystals that are useful in LED and Blu-ray applications.

## The Parties

2. Momentive Performance Materials Inc. is a Delaware corporation with a principal place of business in New York. Momentive's quartz and ceramics business is headquartered in Strongsville, Ohio, and its GaN patent and IP portfolios are managed in Strongsville.

3. Soraa, Inc. is a Delaware corporation with a principal place of business in California.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over Momentive's patent infringement claims under 28 U.S.C. § 1331 and § 1338 because they arise under federal law, namely the Patent Act, 35 U.S.C. § 1 *et seq*.

5. This Court has personal jurisdiction over Soraa because, among other things: (a) it is offering to sell (and, upon information and belief, has sold) LED products in Ohio at least through a distributor in Columbus, Ohio and through online retailers; (b) engaged in negotiations and other business dealings with Momentive in Ohio regarding the marketing and development of GaN crystal technology and related products; and (c) by willfully infringing Momentive's patents, has intentionally caused harm to Momentive in Ohio.

6. Venue is proper under 28 U.S.C. § 1391 because Soraa is subject to personal jurisdiction in this district under Ohio law and, therefore, "resides" in the Northern District of Ohio according to federal law.

## Relevant Facts

7. GaN crystals are valuable semiconductors that can be slit into wafers to generate the blue laser used in Blu-ray players, and they are ideal for use in other laser diode and LED applications.

8. Starting in at least 1998, General Electric Company was researching and developing better ways of manufacturing GaN crystals.

9. GE's work in this field resulted in numerous patents issued by the United States Patent and Trademark Office.

10. In 2006, GE Advanced Materials, a division of GE, became Momentive Performance Materials Inc. Through that occurrence, Momentive acquired ownership of GE's rights to the GaN technology, including the following U.S. patents (collectively, the "Momentive Patents"):

|           |           |
|-----------|-----------|
| 6,398,867 | 7,705,276 |
| 7,625,446 | 7,786,503 |
| 7,642,122 | 7,859,008 |

11. Mark D'Evelyn was a researcher at GE, where he was the project leader in development of GaN crystal technology.

12. D'Evelyn was the lead inventor for all six of the Momentive Patents and on many other GaN-related patents obtained by GE and now owned by Momentive.

13. Soraa was founded in 2008 to exploit the GaN crystal LED market.

14. As part of its business development, Soraa hired D'Evelyn away from GE in April 2008.

15. Within two months of leaving GE and starting at Soraa, D'Evelyn prepared and filed two patent applications relating to GaN technology on behalf of Soraa: U.S. App. Nos. 12/133,364 and 12/133,365. In doing so, D'Evelyn claims to have conceived and reduced to practice those alleged GaN-related inventions in just two months at Soraa.

16. The GaN crystals that Soraa now manufactures, and the manufacturing processes it now uses, infringe the Momentive Patents.

## Count One
*Infringement of the '867 Patent*

17. Momentive incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

18. Momentive owns U.S. Patent No. 6,398,867 ("the '867 patent").

19. The '867 patent is directed to unique processes for forming crystalline GaN.

20. Soraa is directly infringing, and continues to directly infringe, the '867 patent at least by using processes covered by one or more claims of the '867 patent to form GaN crystals.

21. Soraa's infringement of the '867 patent is willful and exceptional at least because it uses one or more of the patented processes with knowledge of the '867 patent and with knowledge that it its manufacture of GaN crystals infringes that patent.

22. Momentive has been damaged by Soraa's infringement, and it will continue to be irreparably harmed unless the infringement is enjoined by this Court.

## Count Two
*Infringement of the '446 Patent*

23. Momentive incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

24. Momentive owns U.S. Patent No. 7,625,446 ("the '446 patent").

25. The '446 patent is directed to unique methods for growing crystalline compositions, including crystalline GaN.

26. Soraa is directly infringing, and continues to directly infringe, the '446 patent at least by using methods covered by one or more claims of the '446 patent to grow GaN crystals.

27. Soraa's infringement of the '446 patent is willful and exceptional at least because it uses one or more of the patented methods with knowledge of the '446 patent and with knowledge that that it its manufacture of GaN crystals infringes that patent.

28. Momentive has been damaged by Soraa's infringement, and it will continue to be irreparably harmed unless the infringement is enjoined by this Court.

## Count Three
*Infringement of the '122 Patent*

29. Momentive incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

30. Momentive owns U.S. Patent No. 7,642,122 ("the '122 patent").

31. The '122 patent is directed to unique methods for growing nitride crystal, including crystalline GaN.

32. Soraa is directly infringing, and continues to directly infringe, the '122 patent at least by using methods covered by one or more claims of the '122 patent to grow GaN crystals.

33. Soraa's infringement of the '122 patent is willful and exceptional at least because it uses one or more of the patented methods with knowledge of the '122 patent and with knowledge that it its manufacture of GaN crystals infringes that patent.

34. Momentive has been damaged by Soraa's infringement, and it will continue to be irreparably harmed unless the infringement is enjoined by this Court.

## Count Four
*Infringement of the '276 Patent*

35. Momentive incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

36. Momentive owns U.S. Patent No. 7,705,276 ("the '276 patent").

37. The '276 patent is directed to a unique heater invention.

38. Soraa is directly infringing, and continues to directly infringe, the '276 patent at least by making, using, and/or importing heaters covered by one or more claims of the '276 patent to grow GaN crystals.

39. Soraa's infringement of the '276 patent is willful and exceptional at least because it makes, uses, and/or imports the patented heaters with knowledge of the '276 patent and with knowledge that its activities infringe that patent.

40. Momentive has been damaged by Soraa's infringement, and it will continue to be irreparably harmed unless the infringement is enjoined by this Court.

## Count Five
*Infringement of the '503 Patent*

41. Momentive incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

42. Momentive owns U.S. Patent No. 7,786,503 ("the '503 patent").

43. The '503 patent is directed to a unique GaN crystal invention.

44. Soraa is directly infringing, and continues to directly infringe, the '503 patent at least by making, using, selling, offering to sell, and/or importing GaN crystals covered by one or more claims of the '503 patent.

45. Soraa's infringement of the '503 patent is willful and exceptional at least because it makes, uses, sells, offers to sell, and/or imports patented GaN crystals with knowledge of the '503 patent and with knowledge that its activities infringe that patent.

46. Momentive has been damaged by Soraa's infringement, and it will continue to be irreparably harmed unless the infringement is enjoined by this Court.

## Count Six
### *Infringement of the '008 Patent*

47. Momentive incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

48. Momentive owns U.S. Patent No. 7,859,008 ("the '008 patent").

49. The '008 patent is directed to a unique crystal, wafer, and semiconductor invention.

50. Soraa is directly infringing, and continues to directly infringe, the '008 patent at least by making, using, selling, offering to sell, and/or importing GaN crystals covered by one or more claims of the '008 patent.

51. Soraa's infringement of the '008 patent is willful and exceptional because it makes, uses, sells, offers to sell, and/or imports the patented GaN crystals with knowledge of the '008 patent and with knowledge that its activities infringe that patent.

52. Momentive has been damaged by Soraa's infringement, and it will continue to be irreparably harmed unless the infringement is enjoined by this Court.

## **Prayer for Relief**

**WHEREFORE**, Momentive prays for judgment against Soraa as follows:

(A) A finding that Soraa has directly infringed each of the Momentive Patents under 35 U.S.C. § 271(a).

(B) Preliminary and permanent injunctive relief enjoining Soraa, and its officers, directors, managers, employees, affiliates, agents, representatives, parents, subsidiaries, successors, assigns, those in privity with Soraa, and all others aiding, abetting, or acting in concert or active participation therewith, from directly or indirectly infringing any of the Momentive Patents.

(C) Compensatory damages under 35 U.S.C. § 284.

(D) Treble damages under 35 U.S.C. § 284.

(E) Attorneys' fees under 35 U.S.C. § 285.

(F) Pre-judgment and post-judgment interest.

(G) Costs of the action.

(H) Such other and further relief as allowed at law or in equity that the Court deems to be appropriate.

Dated:  November 2, 2015

    s/ David B. Cupar
David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Counsel for*
*Momentive Performance Materials Inc.*

{5694047:}                                  8

## **Jury Demand**

Plaintiff Momentive Performance Materials Inc. hereby demands a jury trial for all issues so triable.

    s/ David B. Cupar
*Counsel for*
*Momentive Performance Materials Inc.*